UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. CAHLANDER, et al.,<br><br>　　　　　Defendants. | Case No. 1:12-cv-01966-LJO-DLB PC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND**<br><br>ECF No. 1 |

**I.     Background**

Plaintiff Dion Anderson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On December 3, 2012, Plaintiff filed his Complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary of Complaint

Plaintiff was previously incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Officer L. Cahlander, Officer L. Epstein, and Lieutenant K. Weatherford.

Plaintiff alleges the following. On April 4, 2012, Plaintiff was going to meet with an associate. Compl. 2. Another associate called out to Plaintiff and asked him to deliver a kite, a folded-up piece of paper with writing. Compl. 2. Plaintiff collected the kite. Compl. 2.

Defendant Cahlander witnessed Plaintiff doing this. Compl. 3. When Plaintiff walked by Defendant Cahlander, Defendant Cahlander stopped Plaintiff and instructed him to turn over the kite. Compl. 3. Plaintiff instead attempted to dispose the item under another inmate's cell door. Compl. 3. Before he could, Defendant Cahlander took Plaintiff down by the waist, then crawled over Plaintiff's body to try and reach the kite. Compl. 3. After Defendant Cahlander obstructed Plaintiff from attempting to get rid of the kite, Plaintiff gave up. Compl. 3. Defendant Epstein then arrived, and Plaintiff was handcuffed and escorted to the program office. Compl. 3. The sergeant informed Plaintiff that he was being charged with assaulting Defendant Cahlander. Compl. 3.

Plaintiff was taken to administrative segregation. On April 24, 2012, Plaintiff's 115 hearing was heard by Defendant Weatherford. Compl. 4. Plaintiff recounted what happened above, and after being heard, Defendant Weatherford informed Plaintiff that he would like to reduce Plaintiff's charge to resisting arrest but he had to "roll with his officer." Compl. 4. Plaintiff was found guilty, and his case was forwarded to the Kings County District Attorney's Office. Compl. 4.

Plaintiff contends: malicious prosecution by Defendant Cahlander, negligent infliction of

emotional distress against Defendant Epstein, and intentional infliction of emotional distress by Defendant Weatherford.[1]  Plaintiff requests that Defendants be fired, and that he receive $100,000 in compensatory damages.

### III.   Analysis

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to demonstrate how he states a claim under § 1983.  Plaintiff makes a brief mention of an Eighth Amendment violation in reference to the alleged malicious prosecution and intentional inflection of emotional distress.  Plaintiff's allegations, however, fail to demonstrate any Eighth Amendment claim.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by

---

[1] Plaintiff uses several pages of his complaint to explain how he properly removed this action from state court. Plaintiff fails to demonstrate how this action was removed.  Plaintiff's exhibits indicate that Plaintiff had initiated this action in Kings County Superior Court on June 26, 2012.  On November 1, 2012, pursuant to a telephonic hearing, Plaintiff's action was dismissed for failure to exhaust administrative remedies.  Finally, removal is a procedure reserved for Defendants.  28 U.S.C. § 1446(a).

3

failing to take reasonable measures to abate it. *Id.* at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id.* at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Id.* at 835. Plaintiff fails to allege facts which indicate that Plaintiff's alleged prosecution by the District Attorney's office rose to the level of an Eighth Amendment.

Plaintiff also fails to state a claim for malicious prosecution. The general rule is that a malicious prosecution claim is not cognizable under § 1983 if process is available in the state judicial system to provide a remedy. *Womack v. Cnty. of Amador*, 551 F. Supp. 2d 1017, 1031 (E.D. Cal. 2008) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987)). However, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir.1985) (en banc). Thus, a malicious prosecution plaintiff "must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995).

A malicious prosecution claim under § 1983 is based on state law elements. *See Usher*, 828 F.2d at 562. In California, the malicious prosecution plaintiff must plead and prove that the prior proceeding commenced by or at the direction of the malicious prosecution defendant, was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice. *Villa v. Cole*, 4 Cal. App. 4th 1327, 1335 (1992); *Sagonowsky v. More*, 64 Cal. App. 4th 122, 128 (1998). If a plaintiff cannot establish any one of these three elements, his malicious prosecution action will fail. *StaffPro, Inc. v. Elite Show Services, Inc.*, 136 Cal. App. 4th 1392, 1398 (2006).

Plaintiff alleges no facts which indicate that any prosecution of Plaintiff occurred as a result of the Rules Violation Report, or that he has received a favorable legal termination in his favor. Plaintiff also fails to link alleged malicious prosecution to a constitutional violation. Plaintiff thus

4

fails to state a claim under § 1983 for malicious prosecution.

Because Plaintiff fails to state a § 1983 claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for intentional and negligent infliction of emotional distress.  28 U.S.C. § 1367(c).

### IV.     Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: __**June 6, 2013**__                              /s/ *Dennis L. Beck*
                                                                           UNITED STATES MAGISTRATE JUDGE