# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>            Plaintiff,<br><br>     v.<br><br>L. CAHLANDER, et al.,<br><br>            Defendants. | Case No. 1:12-cv-01966-LJO-DLB PC<br><br>**ORDER DISREGARDING MOTION FOR EXTENSION OF TIME TO FILE FEE WAIVER AS MOOT** (ECF No. 2)<br><br>**ORDER DENYING MOTION FOR SERVICE OF DOCUMENTS** (ECF No. 14)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED** (ECF No. 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Dion Anderson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On December 3, 2012, Plaintiff filed a motion for extension of time to apply for waiver of the filing fee. ECF No. 2. On January 7, 2013, Plaintiff filed a motion for injunctive relief. ECF No. 8. On March 14, 2013, Plaintiff filed a motion for notice of service. ECF No. 14.

**I.   Motion for Extension of Time**

Plaintiff moves for an extension of time to file his application for waiver of the filing fee. Plaintiff subsequently filed an application on January 7, 2013. ECF No. 9. Accordingly, it is HEREBY ORDERED that Plaintiff's motion for extension of time is disregarded as moot.

## II. Motion for Notice of Service Documents

Plaintiff notifies the Court that he attempted to obtain service documents from Kings County Superior Court in support of his alleged notice of removal of this action from state court. Plaintiff's motion is denied. Pursuant to 28 U.S.C. § 1446(a), removal of proceedings from state to federal court is available only to defendants.

## III. Motion for Injunctive Relief

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985); Fed. R. Civ. P. 65(d).

Plaintiff moves for the Court to enjoin trust account office at Corcoran State Prison to produce Plaintiff's financial statement. The trust account office is not a party to this action, and thus the Court lacks jurisdiction over the party. Additionally, by separate order, Plaintiff fails to state a claim, and thus has failed to demonstrate likelihood of success on the merits. Finally, Plaintiff subsequently submitted his prison trust account statement on February 25, 2013, rendering Plaintiff's motion moot. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief, filed January 7, 2013, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 6, 2013**                          /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE