# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. CAHLANDER, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-01966-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATION DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>[ECF No. 24] |

**I.    Background**

Plaintiff Dion Anderson ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On December 3, 2012, Plaintiff filed his Complaint. (ECF No. 1.) On June 7, 2013, the Court screened the complaint and dismissed it with leave to amend. (ECF No. 15.) On August 23, 2013, Plaintiff filed a First Amended Complaint. (ECF No. 20.) Plaintiff then moved to file a Second Amended Complaint on July 10, 2014, which the Court granted on August 25, 2014. On August 25, 2014, Plaintiff filed a Second Amended Complaint (SAC). (ECF No. 24.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  Id. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  Id.

## II.     Summary of Complaint

Plaintiff was previously incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: Officer L. Cahlander, Officer L. Epstein, and Lieutenant K. Weatherford.

Plaintiff alleges the following.  On April 4, 2012, Plaintiff was going to meet with an associate, inmate Lolohea.  (SAC at 1.)  While Plaintiff was heading to Lolohea's cell, another associate called out to Plaintiff and asked him to deliver a kite, a folded-up piece of paper with writing.  (SAC at 1-2.)  Plaintiff collected the kite.  (SAC at 2.)

Defendant Cahlander witnessed Plaintiff doing this.  (SAC at 2.)  When Plaintiff walked by Defendant Cahlander, Defendant Cahlander stopped Plaintiff and instructed him to turn over the kite. (SAC at 2.)  Plaintiff instead attempted to dispose the item under another inmate's cell door. (SAC at 2.)  Before he could, Defendant Cahlander took Plaintiff down by the waist, then crawled over Plaintiff's body to try and reach the kite.  (SAC at 2.)  After Defendant Cahlander obstructed Plaintiff from attempting to get rid of the kite, Plaintiff gave up.  (SAC at 2.)  Plaintiff was handcuffed and escorted to the medical facility and then to the program office.  (SAC at 2.)  Plaintiff was informed that Defendant Cahlander was alleging that Plaintiff had assaulted him.  (SAC at 2.)

On April 23, 2012, Plaintiff received a copy of the Rule Violation Report and discovered that

Defendant Epstein had written a parallel report that had narrated the same synopsis as Defendant Cahlander had. (SAC at 2.)

On April 24, 2012, Plaintiff attended the disciplinary proceeding before Defendant Weatherford. (SAC at 3.) Plaintiff recounted what happened above, and informed Defendant Weatherford that Defendant Cahlander had written a false report. (SAC at 3.) After being heard, Defendant Weatherford informed Plaintiff that he had to "roll with his officer." (SAC at 3.) Plaintiff was found guilty, and his case was forwarded to the Kings County District Attorney's Office. (SAC at 3.)

On November 29, 2012, the charges were picked up and Plaintiff was formally arraigned in the Kings County Municipal Courthouse. (SAC at 3.) Charges were dismissed upon Plaintiff's 995 motion on September 17, 2013. (SAC at 3.)

Plaintiff contends: defamatory publication in violation of Plaintiff's 14th Amendment rights against Defendants Cahlander and Epstein; and violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual treatment by Defendants Cahlander, Epstein, and Weatherford. (SAC at 3-14.)

Plaintiff requests the sum of $75,000.00 from each Defendant and attorney fees. (SAC at 14.)

## III.   Analysis

### A.   Rules Violation Report False Statements – Due Process and Defamation

Plaintiff alleges that Defendants Cahlander and Epstein authored false reports in connection with the Rules Violation Report in reckless disregard for the truth and therefore violated Plaintiff's Fourteenth Amendment right against defamation.

With respect to Plaintiff's claim of defamation, injury to reputation alone does not result in a deprivation of a liberty or a property interest protected by the Due Process Clause of the Fourteenth Amendment. Alexander v. Jeffries, 12 F.3d 1105 (9th Cir.1993) (quoting Paul v. Davis, 424 U.S. 693, 703, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)); Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir.1986). An action for damages to reputation lies in the tort of defamation, not in 42 U.S.C. 1983. Fleming v. Dep't of Public Safety, 837 F.2d 401, 409 (9th Cir.), *cert. denied*, 488 U.S. 889, 109 S.Ct.

3

222, 102 L.Ed.2d 212 (1988).

To the extent Plaintiff complains that the false reports were used in the Rules Violation Report in violation of his due process rights, Plaintiff fails to state a claim. When a prisoner faces disciplinary charges, prison officials must provide him with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974).

Plaintiff offers no facts demonstrating that he was denied the protections afforded under Wolff. He does not claim or even suggest that he was denied the ability to contest evidence presented at the disciplinary hearing.

In addition, state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action. Their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81–2; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

It appears Plaintiff lost good time credits as a result of the rules violation, (ECF No. 24, Ex. E), implicating the Heck bar. If Plaintiff were to succeed in obtaining relief in this action with respect to the alleged false rules violation report, the disciplinary finding would necessarily be invalidated. Therefore, Plaintiff's claims concerning false reports are barred under Heck.

B.      Eighth Amendment – Cruel and Unusual Punishment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,

4

1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Id. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835. As in his original complaint, Plaintiff fails to allege any facts which indicate that his alleged prosecution by the District Attorney's office rose to the level of an Eighth Amendment.

Likewise, Plaintiff again fails to state a claim for malicious prosecution. The general rule is that a malicious prosecution claim is not cognizable under § 1983 if process is available in the state judicial system to provide a remedy. Womack v. Cnty. of Amador, 551 F. Supp. 2d 1017, 1031 (E.D. Cal. 2008) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987)). However, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir.1985) (en banc). Thus, a malicious prosecution plaintiff "must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995). Here, Plaintiff fails to link any Defendant to the specific act of wrongfully causing charges to be filed. In addition, Plaintiff fails to link the alleged malicious prosecution to any

constitutional violation. Plaintiff thus fails to state a claim under § 1983 for malicious prosecution.

Because Plaintiff fails to state a § 1983 claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for intentional and negligent infliction of emotional distress. 28 U.S.C. § 1367(c).

## IV. Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. Insofar as Plaintiff has been granted previous opportunities to state a cognizable claim but has failed to do so, any further leave to amend is futile and should be denied. The Court recommends that the action be dismissed with prejudice, that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate the case.

The Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 8, 2015**  /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE