# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON, | Case No. 1:12-cv-01966 LJO DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | [ECF No. 32] |
| L. CAHLANDER, et al., | ORDER REGARDING PLAINTIFF'S OBJECTIONS AND MOTION FOR CHANGE OF VENUE |
| Defendants. | [ECF No. 33] |

Plaintiff Dion Anderson ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On December 3, 2012, Plaintiff filed his Complaint. (ECF No. 1.) On June 7, 2013, the Court screened the complaint and dismissed it with leave to amend. (ECF No. 15.) On August 23, 2013, Plaintiff filed a First Amended Complaint. (ECF No. 20.) Plaintiff then moved to file a Second Amended Complaint on July 10, 2014, which the Court granted on August 25, 2014. On August 25, 2014, Plaintiff filed a Second Amended Complaint (SAC). (ECF No. 24.) On September 9, 2015, the Magistrate Judge screened the SAC and issued a Findings and Recommendation that recommended the SAC be dismissed with prejudice for failure to state a claim. Plaintiff was granted fourteen days to file objections. Over fourteen days passed and no objections were filed. On October 5, 2015, Plaintiff filed the instant motion for reconsideration along with objections and a motion for change of venue.

## DISCUSSION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff requests that the Court reconsider the order dismissing the action in light of his objections. Plaintiff states he signed and submitted his objections on September 22, 2015, which was within the time provided for filing objections. For unknown reasons, the objections were not filed until October 7, 2015. The Court has considered Plaintiff's objections to the Magistrate Judge's Findings and Recommendations and finds that Plaintiff's arguments do not merit

reconsideration of the Court's order.

Plaintiff complains that the Magistrate Judge and the undersigned are clearly biased in light of the Court's rulings.  A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal."  United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).  The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  Johnson, 610 F.3d at 1147 (quotation marks and citation omitted); Pesnell v. Arsenault, 543 F.3d 1038. 1043 (9th Cir. 2008).  "Adverse findings do not equate to bias," Johnson, 610 F.3d at 1147, and in this instance, Plaintiff disagrees with the Court's ruling against him, which does not support recusal or a change of venue.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for reconsideration and change of venue are DENIED.

IT IS SO ORDERED.

Dated:   **October 27, 2015**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

3